We concur.
David Johnson, X Johnston, B. F. Bun-■kin.
Black, for the motion, cited 1 P. W. 166; 2Bro. 570; 12 East: 4 Kent. Com. 276 — 7,227; 2 Mc. Ch. 324 — 68 ; 3 Ves. 234.
Desaussure, contra ; 1. The infant is not bound by the proceedings on petition.
• 2. The court will not, under the circumstances, cut off ■Sarah's heirs, if it can. 3 Even she, if of age and with ■issue, might not be able to bar the issue. 4 The limitation to Samuel Pearse is two remote; and if Sarah should die, without having had issue, the lands would revert to John’s heirs.
1. To convert an estate the cesíui que trust must be made a party: 3 J. C. R. 367 ; Mitf. 164 ; 2 Atk. 515; 1 Ves. Jr. 29; 12 Id. 58; Rule; 4 Mad. R. 186; Farrow v. Osborne, 1 Russ. & M. 742; 5. Price, 821; 6 Mad. R. 241; 1 Ball & B. 182; 3 Ves. 76; 1 Lit & L. 386 — 396.
2 The court will not make such an election for the infant, nor change her tenure into a different fund, upon different conditions. In Redfern & Deloh, refused to assist In barring remainder. Why cut off heirs; one by limitation *236 the other by inheritance 1 But what difference in principle ; 5 L. Lib. 91, 182, 96, 192 ; contra Meugy vs. Meugy, 3 Dess. Stapleton.
4. Too remote, but at all events the issue of Sarah take as purchasers 2 M. C. Ch. 88; 1 Bail Eq. 299; Riley Eq. 247, 260.
3. If a case might arise in which she is not, the court will not. If she were married and had issue, her husband would not join her.
4: Again — Sedgwick, v. 2 Ves. 57, Sheffield, 3 Id. 529. 16. Id, 274. 17 Id. 8.